**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                          Case No.: 26-40129

John G. Koch.                                   Chapter 11 Case

      Debtor.

---

**MODIFIED PLAN OF REORGANIZATION UNDER CHAPTER 11**

---

**INTRODUCTION**

John G. Koch (the "Debtor") proposes the following Chapter 11 Plan of Reorganization under Chapter 11 (the "Plan") pursuant to the provisions of the Bankruptcy Code.

Prior to voting to accept or reject this Plan, all creditors are encouraged to read and review the Plan in its entirety. **Please read all sections carefully and discuss them with your attorney, as your rights may be affected. If you do not have an attorney, you should consult with one.**

The Debtor strongly encourages all creditors to vote in favor of the Plan. The alternative to confirmation of the Plan, and distribution of the payments required under the Plan, is chapter 7 liquidation, in which creditors will receive less than the projections in this Plan.

**Article 1: Defined Terms**

**1.1     Defined Terms in Bankruptcy Code.**

The definitions and rules of construction set forth in sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

**1.2     Additional Defined Terms.**

(1)     "Bankruptcy Code" means Title 11 of the United States Code.

(2)     "Bankruptcy Rule" means a Federal Rule of Bankruptcy Procedure.

(3)     "Chapter 11 Case" means the Debtor's pending case under the Bankruptcy Code, identified in the caption at the top of this Plan.

(4)     "Confirmation Date" means the date on which the Confirmation Order is entered.

(5)     "Court" means the United States Bankruptcy Court for the District of Minnesota, which properly exercises jurisdiction over the Chapter 11 Case.

(6)     "Debtor" means John G. Koch.

(7)     "Effective Date" means the first business day following the date that is 14 days after the entry of the Confirmation Order.

(8)     "IRS" means the Internal Revenue Service.

(9)     "J Group Real Estate" means the property located at 317 Main St South, Stillwater, MN 55082

(10)    "Petition Date" means January 14, 2026

**1.3     Exhibits.**

All exhibits to the Plan are hereby incorporated by reference and made part of the Plan. The exhibits to the Plan include the following:

Exhibit A     Liquidation Analysis

Exhibit B     Cash Flow Projections

**Article 2: Classification of Claims and Interests**

**YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

The following table designates the classes of claims against the Debtor and specifies which of those classes are: (a) impaired or unimpaired by the Plan; and (b) entitled to vote to accept or reject the Plan.

| Class | Designation | Impaired | Entitled to Vote |
|---|---|---|---|
| N/A | Administrative Expenses | No | No |
| N/A | Priority Claims | No | No |
| 1A | Secured Claim – Wells Fargo Bank | No | No |
| 1B | Secured Claim – New Rez, LLC | No | No |
| 2 | Unsecured Claims | Yes | Yes |

## Article 3: Treatment of Administrative Expenses and Priority Claims

Under section 1123(a)(1) of the Bankruptcy Code, Administrative Expense claims and priority tax claims are not in classes and are treated as unclassified claims.

### 3.1   Allowed Administrative Expense Claims.

Except as otherwise provided in this Article, holders of allowed claims specified in section 503 of the Bankruptcy Code, shall: be paid in full as soon as reasonably practical following the later of: (i) the Effective Date; or (ii) the date the claim becomes allowed; or (iii) as agreed by the holder of such claim.

The Debtor believes the only administrative fees include those owed to his bankruptcy attorney and the United States Trustee's Office.  The Debtor estimates administrative priority claims for his bankruptcy attorney, Sieling Law, will be approximately $12,000.00 as of the date of confirmation. The Debtor does not owe any accounting fees at this time, but each year of the plan, he will pay $2,500.00 to his accountant for preparation of personal tax returns.

The Debtor estimates that unpaid fees owed to the United States Trustee's office will be less than $1,000 as of the date of confirmation. All such fees and expenses will be paid on the Effective Date from Debtor' income. Debtor shall continue to pay those fees authorized and assessed or otherwise payable, following confirmation until such time as this Chapter 11 case is closed, dismissed or converted.

### 3.2   Priority Claims.

**Pre-petition Tax Claims**: The Minnesota Department of Revenue filed two proof of claims claiming a total priority amount of $93,346. Such priority taxes will be paid in full with interest at a rate of eight percent, payable monthly in the amount of $1,945, commencing one month after the confirmation date and continuing for 48 months thereafter or until paid in full, whichever is sooner.

The IRS filed a proof claim claiming a priority amount of $11,906.46 taxes. Such priority taxes will be paid in full with interest at a rate of eight percent, payable monthly in the amount of $270.00, commencing one month after the confirmation date and continuing for 48 months thereafter or until paid in full, whichever is sooner.

The pre-petition priority tax owed by the Debtor is nondischargeable pursuant to 11 U.S.C. §§ 523(a) and 1192(2). To the extent the Minnesota Department of Revenue and the IRS claim penalties or nonpriority taxes; such portions will be treated as a Class 2 claim, general unsecured claims.

All other allowed claims not specifically treated in this Section and entitled to priority under section 507(a) of the Bankruptcy Code shall be paid in full in cash as soon as practicable following the later of: (a) the Effective Date, (b) the due date, or (c) the date on which such claims are allowed.

### Article 4: Treatment of Classified Claims

#### Class 1A- Secured Claim – Wells Fargo Bank.

Class 1 consists of the secured claim of Wells Fargo Bank, N.A., doing business as Wells Fargo Auto, secured by a lien on the Debtor's 2024 Chevrolet Silverado 1500.  Wells Fargo filed a proof of claim for a secured debt of $50,805.86, plus interest at a rate of 8.79%.  The Debtor will continue to timely pay Wells Fargo $1,100.94 per month pursuant to the agreement until the secured claim, with interest, is paid in full.  Wells Fargo shall retain its lien on the vehicle with the same priority, dignity, and effect as its pre-petition lien until the secured claim is fully paid. After Wells Fargo receives the payment pursuant to this article, it shall execute a release of its lien.

#### Class 1B – Secured Claim NewRez, LLC

Class 1 consists of the Allowed fully secured claim of NewRez, secured by a mortgage on the property located at 786 Country Lakes Drive, Circle Pines, Minnesota 55014.  The current balance on the mortgage loan is approximately $183,855.97.  The Debtor's Plan shall not modify or alter NewRez's legal, contractual or equitable rights under the Loan documents and Debtor and/or Debtor's spouse will continue to timely pay NewRez the regular monthly payment pursuant to the pre-petition agreement until the secured claim is paid in full.  NewRez shall retain its mortgage lien on the property with the same priority, dignity, and effect as its pre-petition mortgage lien until the secured claim is fully paid.   The current total contractual arrears on New Rez's claim in the amount of $1,825.00 shall be cured on or before the Effective Date of the Plan, or as agreed to between the Debtor and NewRez.

#### Class 2: General Unsecured Claims.

Class 2 consists of all allowed unsecured claims against the Debtor that are not entitled to priority and are not classified elsewhere in this Plan.  Pursuant to the bankruptcy schedules and the filed proofs of claim, the Debtor believes the general unsecured claims total approximately $5,847,961.00. However, a considerable amount of debt that is co-owed by Syagrus Systems will be paid through the Syagrus System's plan of reorganization.

The J Group Real Estate is currently listed for sale.  The Debtor owns 90% of J Group. The Debtor's share of the net proceeds from the sale of the J Group Real Estate, (after the mortgage, real estate taxes, commissions, and other J Group debt is paid as set forth in the Disclosure Statement) will be paid to Holders of allowed Class 2 claims.  Class 2 claims shall receive their pro rata share of such net proceeds.  If the property sells at the current listing price of $2,900,000.00, an estimated amount of $169,462 will be paid to Class 2 claims.

In addition, in August 2030, Class 2 will receive a pro rata share of $20,000.00, paid from the Debtor's disposable income that year

4

Nothing contained in this Plan shall restrict the Debtor from objecting to, contesting, or seeking to avoid a Class 2 claim as permitted under the Bankruptcy Code or otherwise applicable law. The payments to the holder of the Class 2 claims pursuant to this article shall be in exchange for, and in full satisfaction, settlement and release of the Class 2 claims.

## Article 5: Distributions, Implantation and Effect of Confirmed Plan

### 5.1    Payments under the Plan.

Payments under this Plan shall be made by the Debtor, (or Debtor spouse as may be applicable by check (mailed with first class postage pre-paid), ACH, or wire transfer to the holder of each claim. If made by check, payments shall be mailed to the claim holder at the address listed on its proof of claim as of the Confirmation Date, or if no proof of claim has been filed by the Confirmation Date, to the address listed on the Schedules. Holders of allowed claims as of the Confirmation Date may contact the Debtor to amend their addresses or bank account information at:

John Koch
786 Country Lake Drive
Lino Lakes, MN  55014

### 5.2    Delay of Distribution on Contested Claims.

No distribution will be made on account of a Contested Claim unless such claim is allowed by a final non-appealable order.

### 5.3    Title to and Vesting of Assets.

All property of the Debtor and the estate is dealt with by this Plan; therefore, on the Effective Date, to the full extent authorized by section 1141(b) of the Bankruptcy Code, all property of the Debtor and the estate vests in the Debtor and such property is free and clear of all liens, encumbrances, claims, and interests of creditors, including any notices of *lis pendens*, except to the extent the Plan explicitly provides that such liens, encumbrances, claims, or interests are retained.

### 5.4    Preservation and Settlement of Causes of Action.

In accordance with section 1123(b)(3) of the Bankruptcy Code and except as otherwise provided in this Plan, the Debtor shall retain all causes of action, including without limitation causes of action that may exist under sections 542, 544 through 550 and 558 of the Bankruptcy Code or under similar state laws (collectively, the "Retained Actions"). The Debtor does not believe there are any viable actions at this time; however, should the Debtor recover any sums of money on a cause of action under the bankruptcy code, such funds will be disbursed pro-rata to unsecured creditors.

**5.5  Waiver and Release**

Confirmation of the Plan shall constitute a complete waiver and release of all claims of all creditors against the Debtor except as provided for in the Plan, and to the extent authorized by 11 U.S.C. §1141. Confirmation of the Plan will bind creditors to accept payments provided for in the Plan; and will oblige the Debtor to make payments to creditors as provided for in the Plan.

Creditors holding judgments against the Debtor on account of or with respect pre-petition claims shall not take any action to enforce such judgments.

**Article 6: General Provisions**

**6.1   Severability.**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**6.2   Binding Effect.**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Respectfully Submitted,

Dated: July 20, 2026

*s/ John G. Koch*
John G. Koch

SIELING LAW, PLLC

By:  *s/ Mary F. Sieling*
Mary F. Sieling, (#389893)
12800 Whitewater Dr, Ste. 100, #3201
Minnetonka, MN  55343
Phone: 612-325-1191 Email: mary@sielinglaw.com

*Attorney for the Debtor*

6